Paul M. Levine (007202)
Matthew A. Silverman (018919)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Movant,
JPMorgan Chase Bank, National Association, as Trustee, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| In re:<br><br>Diane K Tweedy,<br><br>　　　　Debtor(s).<br>_____<br>JPMorgan Chase Bank, National Association, as Trustee, its successors and/or assigns,<br><br>　　　　Movant,<br><br>　v.<br><br>Diane K Tweedy, Debtor(s),<br><br>　　　　Respondents. | In Proceedings Under<br><br>Chapter 11<br><br>Case No. 07-01498-EWH<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

JPMorgan Chase Bank, National Association, as Trustee, its successors and/or assigns, and its servicing agent EMC Mortgage Corporation ("Movant"), by and through its undersigned attorney, moves for termination of all stays and injunctions, pursuant to 11 U.S.C. § 362(d), 11
1    File No. AZ08-16089/ Case No. 07-01498-EWH
Motion For Relief From Automatic Stay

U.S.C. § 105, Bankruptcy Rules 4001 and 9014 and Local Rule 4001, regarding the real property generally described as 11650 East Speedway Blvd, Tucson, AZ 85748.

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

DATED: May 16, 2008

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A. Silverman, Esq.
    Paul M. Levine
    Matthew A. Silverman
    3636 North Central Avenue
    Suite 1050
    Phoenix, AZ 85012
    Attorneys for Movant

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. On or about 08/13/2007, Debtor(s) filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor(s) or any act to obtain possession of any property of the Debtor(s) or to enforce any lien against any property of the Debtor(s).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. On or about 08/24/2005, Movant entered into a contract with Debtor(s) wherein Debtor(s) agreed to pay the amount of $3,715.92, or more, on or before the first day of every month, beginning on or about 10/01/2005. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1".**.

4. The Deed of Trust was timely and duly recorded and perfected on 09/02/2005 in accordance with Arizona law in the office of the Pima County Recorder.

5. Movant is the holder of the Note and owner of the beneficial interest in the Deed of Trust and is the real party in interest.

6. The original principal amount of the Note was $525,000.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $4,439.78.

7. The Debtor(s) has/have failed to make monthly payments, beginning with the month of August, 2008, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtor(s) has/have been in default for ten (10) months.

8. As of 05/14/2008, the amount required to fully reinstate the Debtor's/Debtors' loan is approximately 46,070.00, itemized as follows:

| | | |
|---|---|---|
| Unpaid Principal Balance: | $ | 515,846.03 |
| DELINQUENCIES: | | |
| Monthly Payments: 10 at $ 4,439.78 | $ | 44,397.80 |
| (08/07 through 05/08) | | |
| Late Charges: 9 at $ 185.80 | $ | 1,672.20 |
| Bankruptcy Attorney's Fees & Costs: | $ | 800.00 |
| Total Delinquencies: | $ | 46,070.00 |
| Total Amount Due to Secured Creditor: | $ | 561,916.03 |

9. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 05/14/2008, the principal amount owing on the Note secured by the Trust Deed is $561,916.03.

10. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance thereunder have occurred.

## MOVANT IS NOT ADEQUATELY PROTECTED

11. Movant is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

## DEBTORS HAVE / DEBTOR HAS NO EQUITY IN THE PROPERTY AND
## THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION

12. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtor(s) has/have no equity, and the Property is not necessary for an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor(s) has/have no equity in the Property. In Re Diplomat Electronics Corp., B.R. 688 (Bank S.D.N.Y. 1988).

13. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

14. Movant requesting relief from the stay has the burden of proof on only one issue. That is the issue of the Debtor's/Debtors' equity in the Property. On all other issues, any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, Movant is entitled to relief without presenting any evidence whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R.

578 (9th Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. Id.

15. Upon information and belief, the Debtor(s) has/have no equity in the subject Property and the subject Property is not necessary for an effective reorganization.

16. Secured Creditor is informed and believes, and alleges thereon that the value of the property does not exceed $464,600.00. Based upon Secured Creditors past practices, it is expected that the cost of sale of the property will be at least eight to ten percent of the value of the property.

17. Other than Movant's Deed of Trust, the subject Property is also encumbered by a Second Deed of Trust in favor of EMC Mortgage Corporation in the approximate amount of $224,508.81 as set forth in Debtor's/Debtors' Schedule D. **See Exhibit "3".**

18. Other than Movant's Deed of Trust, the subject Property is also encumbered by a Third Deed of Trust in favor of Dunn Rairigh & Independent Investors in the approximate amount of $250,000.00 as set forth in Debtor's/Debtors' Schedule D. **See Exhibit "3".**

19. In determining whether there is equity, all encumbrances on the Property, including costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982). In addition, the valuation assigned to the subject Property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates), 18 B.R. 283 (Bank. S.D. Cal. 1982). In the present case, the Debtor(s) has/have little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 464,600.00 |
| Total Liens to Secured Creditor | $ | 561,916.03 |
| Junior Liens | $ | 474,508.81 |
| Less 8% Cost of Sale: | $ | 37,168.00 |
| Equity | $ | (608,992.84) |

20. Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(2).

21. Due to Debtor's(s') default, Movant commenced foreclosure proceedings by recording a Notice of Trustee's Sale on 05/24/2007, and the foreclosure sale was scheduled for 08/24/2007. Due to the filing of the instant bankruptcy petition the foreclosure sale has been postponed.

## **CONCLUSION**

1. Movant's claim is in default and unpaid by Debtor(s).
2. Movant's only form of redress is to look to the secured property.
3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.
4. This property is not required for any reorganization.
5. Movant is not adequately protected.
6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

## **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

B.  For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

C.  For such other and further relief as the Court deems just and equitable

DATED:  May 16, 2008

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A. Silverman, Esq.
   Paul M. Levine
   Matthew A. Silverman
   3636 North Central Avenue
   Suite 1050
   Phoenix, AZ 85012
   Attorneys for Movant

| | |
|---|---|
| 1 | On May 16, 2008, I served the foregoing documents described as **MOTION FOR** |
| 2 | **RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS** |
| 3 | **AND AUTHORITIES**, on the following individuals by depositing true copies thereof in the |
| 4 | United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, |
| 5 | addressed as follows: |

COUNSEL FOR DEBTOR(S)
Clifford B Altfeld
ALTFELD BATTAILE & GOLDMAN, P.C.
250 N. Meyer Ave
Tucson, AZ 85701-1090

DEBTOR(S)
DIANE K Tweedy
11650 E. Speedway Blvd.
Tucson, AZ 85748

SPECIAL NOTICE
Michael McGrath and David Hindman
Mesch, Clark & Rothschild, P.C.
259 North Meyer Avenue,
Tucson, AZ 85701-1090

Fremont Investment and Loan
PO Box 19030,
San Bernardino, CA 92432

Perry and Shapiro, LLP
3300 N. Central Avenue, Suite 2200,
Phoenix, AZ 85012

20 LARGEST UNSECURED CREDITORS
Capital One
PO Box 70886
Charlotte, NC 28272-9903

Capital One
PO Box 60067
City Of Industry, CA 91716-0067

Discover Card
PO Box 30395
Salt Lake City, UT 84130-0395

Wells Fargo
P.O. Box 54349
Los Angeles, CA 90054-0349

GE Money Bank
P.O. Box 960061
Orlando, FL 32896-0061

Chase
P.O. Box 94014
Palatine, IL 60094-4014

American Express
Box 0001
Los Angeles, CA 90096-0001

Chase
P.O. Box 15298
Wilmington, DE 19850-5298

Wells Fargo
P.O. Box 30086
Los Angeles, CA 90030-0086

Sears
P.O. Box 6936
The Lakes, NV 88901-6936

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Tim Schulz