**ORDERED.**

**Dated: February 05, 2009**

_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**

**ALTFELD BATTAILE & GOLDMAN, P.C.**
250 North Meyer Avenue
Tucson, Arizona 85701
Telephone: (520) 622-7733
Facsimile: (520) 622-7967
CBAltfeld@ABGattorneys.com
RDSobel@ABGattorneys.com
Clifford B. Altfeld (State Bar No. 005573/PCCN: 1360)
R. David Sobel (State Bar No. 020650; PCC No. 65491)
*Attorneys for Diane K. Tweedy*

# THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In re:

DIANE K. TWEEDY,

Debtor.

Case No. 4:07-bk-01498-EWH

Chapter 11

## PLAN CONFIRMATION ORDER

The Debtor's Second Amended Plan of Reorganization dated October 22, 2008 with Three Modifications, (the "Plan") having been transmitted to the holders of claims and interests, the Court finding that the Plan complies with the requirements of 11 U.S.C. § 1129, as follows:

1. Pursuant to 11 U.S.C. §1129(a)(1), the Plan complies with the applicable provisions of Title 11 of the *Bankruptcy Code,* including 11 U.S.C. §§ 1122 and 1123.

2. Pursuant to 11 U.S.C. §1129(a)(2), the Debtor has complied with the applicable provisions of Title 11 of the *Bankruptcy Code,* including 11 U.S.C. §§ 1125 and 1126.

3. Pursuant to 11 U.S.C. §1129(a)(3), the Plan has been proposed in good faith and not by any means forbidden by law, that the provisions of the Plan will achieve a result consistent with the objectives and purposes of the *Bankruptcy Code*, and that the Debtor has acted and is presently acting in good faith in conjunction with all aspects of the Plan and the case.

4. Pursuant to 11 U.S.C. §1129(a)(4), any payments made or to be made for services, and for costs and expenses, in connection with the case or in connection with the Plan and incident to the case, have been approved as reasonable by the Court or are subject to such approval prior to payment.

5. Pursuant to 11 U.S.C. §1129(a)(5), (a) the Debtor has adequately disclosed the identity and affiliations of every individual of the Reorganized Debtor; and (b) the Debtor has adequately disclosed the identity of every insider who will be employed or retained by the Reorganized Debtor.

6. Pursuant to 11 U.S.C. §1129(a)(6), the Debtor is not subject to the jurisdiction of any governmental regulatory commission of the type described therein.

7. Pursuant to 11 U.S.C. §1129(a)(7), with respect to each impaired class under the Plan, each holder of a claim or equity security interest of such class has either accepted the Plan or will receive or retain under the Plan on account of such claim or interest, property of a value as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of Title 11 of the *Bankruptcy Code*.

8. Pursuant to 11 U.S.C. §1129(a)(8), (a) one impaired class has not accepted the Plan. Pursuant to 11 U.S.C. §1129(b)(1) the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted the Plan.

9. Pursuant to 11 U.S.C. §1129(a)(9), the Plan provides for payment of claims arising under 11 U.S.C. §§ 507(a)(1) through 507(a)(8) and no objections have been made to the payment provisions.

10. Pursuant to 11 U.S.C. §1129(a)(10), at least one class of claims that is impaired under the Plan has accepted the Plan and that class is not an insider.

11. Pursuant to 11 U.S.C. §1129(a)(11), confirmation of the Plan is not likely to be followed by a forced liquidation or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan, except as provided for in the Plan.

12. Pursuant to 11 U.S.C. §1129(a)(12), all fees payable under 28 U.S.C. §1930 have been paid current, and any further amount thereof incurred before the closing of the estate will be paid by the post-confirmation estate prior to or as soon as practicable after said fees become due.

13. The Court finds that 11 U.S.C. §1129(a)(13), respecting continuation of retiree benefits, is not applicable to this case.

14. Pursuant to 11 U.S.C. §1129(a)(15) no holder of an allowed unsecured claim has objected to the Plan.

**It having been determined after Notice and Hearing,** the Court finds that the Plan has been accepted by four classes of impaired claimholders. **Now Therefore,**

The Plan **IS HEREBY CONFIRMED** subject to the provisions of this Confirmation Order. In the event of any inconsistency between the terms and provisions of the Plan and the terms and provisions of this Confirmation Order, the provisions of this Confirmation Order shall control.

**Class 1 Administrative Claims.** Class 1 claims shall consist of the allowed administrative claims for actual and necessary costs and expenses of administration (except real property taxes) entitled to priority under §§ 503(b) and 507(a)(1) of the Code. Such claims include the U.S. Trustee's Office fees and the Debtor's attorney fees. The administrative expenses will be paid upon confirmation or pursuant to a payment schedule agreed upon by the parties. Class 1 claims which are administrative claims shall receive on account of such claims cash in the amount of such claims (i) as soon as practical on or after the Effective Date or (ii) at the option of the Debtor, in accordance with the ordinary business terms of payment of such claims. Professionals employed at the expense of the estate of the Debtor and entities who may be entitled to reimbursement or the allowance of fees and expenses from the estate of the Debtor pursuant to §§ 503(b) and 507(a)(1) of the Bankruptcy Code shall receive cash in the amount awarded to such professionals and entities at such times and only in accordance with a Final Order entered pursuant to §§ 330 and 503(b) of the Bankruptcy Code. Trustee fees will be kept current. The total amount of these claims should not exceed $20,000.

**Class 2 Priority Claims.** The Class 2 claimholder, the IRS, shall be paid the priority portion of its claim in 46 monthly payments in the amount of $2,900 per month beginning the Effective Date of the Plan. The secured portion of the claim shall be paid with the tax refund from the Debtor's 2006 individual tax return in the amount of $10,354. If the Debtor is

-3-

delinquent on any monthly payment for 30 days and has been provided written notice of the default by the IRS and doesn't cure the default within 30 days of written notice, then the IRS may pursue normal collection practice through its field agents without formal request for stay relief. The Internal Revenue Service claim shall accrue interest at a rate as indicated in IRC §6621 and 6622 until the claim is paid in full.

**Class 3 Secured claim of Wells Fargo.** Class 3 consists of the Wells Fargo claim in the approximate amount of $64,000. Wells Fargo's Note is secured by Deed of Trust on Debtor's residence located at 12460 E. Mesquite Trail, Tucson, Arizona. The Class 3 claimholder has been paid throughout the bankruptcy and is current on the loan and Wells Fargo will continue to be paid from Debtor's funds.

**Class 4 Secured Claim of Dunn, the Class 5 Dunn and Rairigh, et al.**

The Dunns shall retain their liens secured by the Mesquite Trail Property and the Speedway Property. The Dunns shall be paid the allowed amount of their claim with monthly payments in the amount of $8,000 per month beginning November 2008 until paid. The claims shall accrue interest at a rate of 7% per annum beginning November 20, 2008. The allowed amount of the combined Class 4 and Class 5 is $541,599.07. Each monthly payment shall be due on or before the last date of each month.

**Class 6 Secured of EMC Mortgage.** Class 6 consists of two Promissory Notes secured by a first and second position Deed of Trust on the Speedway Property. EMC is owed approximately $815,000. EMC holds two loans, one for $577,000 and a second loan for approximately $236,000. Both of EMC's loans are current. The Class 6 claimholder shall be kept current on the loans and continue to pay pursuant to the terms of the loan.

**Class 7 Secured Claim of First Horizon**. Class 7 consists of First Horizon Note and Deed of Trust. First Horizon is owed approximately $625,000. The First Horizon debt was evidenced by a Promissory Note and secured by a Deed of Trust on raw land in the Catalina foothills located at 3191 E. Camino Boscaja Escondido, Tucson, Arizona. The Class 7

claimholder has foreclosed its interest and become owner of the Property in full satisfaction of the debt.

**Class 8: Secured claim of American Servicing Company.** Class 8 consists of a secured Note and a first position Deed of Trust on the 125 S. Gollob Road property, Tucson Arizona 85710. American Servicing Company is owed approximately $209,300. The Class 8 claimholder American Servicing Company is being paid current and will continue to be paid current. The Debtor will continue to pay this claimholder according to the terms of the Promissory Note and Deed of Trust.

**Class 9 Secured Claim of Countrywide Mortgage**. Class 9 consists of Countrywide Mortgage in the second position Note and Deed of Trust owed to Countrywide with a principal balance of $113,948.46. The Countrywide Note and Deed of Trust is secured by the Gollob Property. The Class 9 claimholder shall be paid a principal amount of $113,948.46 in interest only payments at a rate of 5.5% per annum until June 1, 2009 at which point the interest rate becomes adjustable. The loan is interest only until July of 2010, at which time interest and principal payments will be required until the loan matures on June 1, 2034.

**Class 10 Secured Claim of Litton Loan Servicing, L.P.** Class 10 consists of Litton and is owed an original principal of $720,000. Litton's Deed of Trust is secured by the property at 4812 E. Calle Jabali, Tucson, Arizona 85711. Debtor shall tender regular monthly payments in the amount of $6,708.14 to Movant, which amount is subject to change pursuant to the terms of the subject Note (the "Note"), commencing February 1, 2009, and continuing until all such outstanding amounts under the Note are paid in full. Monthly payments may be made on or before the last day of the month. The arrears are calculated as follows:

| | |
|---|---|
| Mortgage payments from 2/07 to 8/07 | $ 46,956.98 |
| Accrued Late Charges | $ 2,684.92 |
| Property Inspections and Preservation | $ 37.40 |
| Property Appraisal Costs | $ 225.00 |
| Foreclosure fees | $ 562.50 |
| Foreclosure costs | $ 2,407.12 |
| 9/07 through 1/09 payments at $6,708.14 | $114,038.38 |
| Total Late charges | $ 9,205.44 |

-5-

| | |
|---|---|
| Escrow advances | $ 7,670.44 |
| Corporate advances | $ 5,232.82 |
| Total arrears | $189,021.00 |

In addition to regular monthly payments, Debtor shall also tender payments to Movant the sum of $50,000.00, commencing June 15, 2009 and continuing every three (3) months including September 15, 2009, December 15, 2009 and March 15, 2010, when all arrears due and owing under the Note in the current sum of $189,021.00 will be paid in full. Payments are to be remitted to Litton Loan Servicing, LP.

If Debtor provides proof of additional post-petition payments received and negotiated by Movant, the requirement to make additional payment to Movant pursuant to paragraph 3 herein shall be revised. All terms of the Stipulation Granting Adequate Protection between Debtor and Litton shall be incorporated herein.

**Class 11 Unsecured Creditors of Diane Tweedy**. Class 11 consists of the unsecured creditors of Diane Tweedy. This amount includes credit card debt owed to sole unsecured creditors and any unsecured portion of otherwise secured debt. The Class 11 claimholders shall be paid the pro rata share of 10% of their claim at a rate of $500 per month until paid.

**Class 12 Secured Claim of Pima County**. Class 12 consists of a personal property tax claim on the Speedway property in the approximate amount of $836. In addition there is a personal property tax claim on the Speedway property. Pima County holds a claim for unpaid 2007 personal property taxes on Debtor's property in the amount of $803.57. The claim is accruing interest at 16% per annum per annum until paid. The Debtor shall pay Pima County the full amount of its allowed claim plus interest at a rate of 16% per annum on the Effective Date.

**Done** this ___ day of _____, 2009.

_____
**Hon. Eileen W. Hollowell**
**Judge of the United States Bankruptcy Court**